**CONDITIONALLY GRANT and Opinion Filed April 15, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00815-CV

## IN RE STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GIAP DANG, Relators

**Original Proceeding from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-19-02214-C**

## OPINION

Before Justices Osborne, Reichek, and Smith
Opinion by Justice Smith

State Farm Mutual Automobile Insurance Company and Giap Dang filed a petition for writ of mandamus contending the trial court abused its discretion by denying their motion for separate trials and abatement of real party in interest Willer Dimanche, Jr.'s claims concerning underinsured motorist (UIM) insurance. In light of the Supreme Court of Texas's opinion in *In re State Farm Mutual Automobile Insurance Co.*, No. 19-0791, 2021 WL 1045651 (Tex. Mar. 19, 2021) (orig. proceeding),[1] we conclude the trial court abused its discretion, and relators do not

---

[1] *In re State Farm* involved two separate petitions for mandamus, cause numbers 19-0791 and 19-0792. The supreme court considered them together and issued one opinion.

have an adequate remedy by appeal. Therefore, we conditionally grant the writ of mandamus.

## Background

On April 7, 2018, Dimanche was in an automobile accident with a third party. Dimanche sued the third party and asserted damages for past medical expenses of $23,573.23 and future medical expenses up to $60,300.00, as well as damages for past and future pain and suffering, physical impairment, loss of earning capacity, and loss of enjoyment of life. Dimanche settled with the third party.

Dimanche sought UIM benefits from State Farm, his insurance carrier. Dang, a State Farm insurance adjuster, sent Dimanche a letter offering $3,650 to settle his claim. According to Dimanche, "Dang failed to provide any explanation as to the facts or basis for Defendants' decision or evaluation of Plaintiff's UIM claim."

Dimanche then sued State Farm for various violations of the Texas Insurance Code.[2] Dimanche alleged, in part, that relators failed to settle his claim fairly after a reasonable investigation and failed to provide an explanation for the UIM

---

[2] Specifically, Dimanche alleged violations under the following sections of the Insurance Code: 541.060(a)(2) (failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear); 541.060(a)(3) (failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim); 541.060(a)(7) (refusing to pay a claim without conducting a reasonable investigation with respect to the claim); 542.003(b)(3) (failed to adopt and/or implement reasonable standards for the prompt investigation of claims arising under the insurer's policies); 542.003(b)(4) (failing to attempt in good faith to effect a prompt, fair, and equitable settlement of a claim in which liability has become reasonably clear); 542.003(b)(5) (compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder); and 542.057(a) (notified Dimanche that relator would pay part of Dimanche's claim but failed to do so on or before the fifth business day after the notification).

settlement offer. Dimanche demanded the amount of the UIM policy limits, treble damages under the Insurance Code, and attorney's fees. Dimanche did not allege that State Farm breached the UIM provisions of the insurance policy.

Relators filed a motion for separate trials and abatement pursuant to Texas Rule of Civil Procedure 174(b). They argued the trial court should hold a separate car crash portion of the case and abate Dimanche's premature extra-contractual claims until he obtains a judicial determination that he is "legally entitled to recover" from an underinsured motorist. Dimanche argued that because he brought only statutory claims, and there are no breach-of-contract claims to sever and first adjudicate, bifurcation of the trial was not required. The trial court denied Relators' motion.

Relators then brought this petition for writ of mandamus asserting that the trial court abused its discretion by denying the motion for separate trials and abatement and that they had no adequate remedy by appeal. Relators also noted that two similar petitions involving the same legal issue were pending before the Texas Supreme Court and requested this Court stay proceedings and "await guidance from the Texas Supreme Court on the merits of this mandamus petition." We stayed the proceedings in the trial court and requested Dimanche file a response. He filed a response, and relators filed a reply.

The supreme court has now issued its decision in *In re State Farm*, which controls our disposition of this mandamus.

## Standard of Review

To be entitled to mandamus relief, a relator must demonstrate that the trial court clearly abused its discretion, and the relator has no adequate remedy by appeal. *In re Lee*, 411 S.W.3d 445, 463 (Tex. 2013) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if "'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1985)).

## *In re State Farm*

The real parties in the *In re State Farm* cases, Nicastro and Dodds, were injured in separate automobile accidents with third parties. *In re State Farm*, 2021 WL 1045651, at *1–2. They both settled with the third parties' insurers for the policy limits and then made claims with State Farm for the policy limits of their UIM coverage, $100,000 in Nicastro's case and $50,000 in Dodds' case. *Id*. State Farm denied Nicastro's UIM claim. *Id*. at *1. State Farm paid Dodds $18,190.41, but it did not explain the reason for the discrepancy between the amount paid and the amount requested. *Id*. at *2.

Nicastro and Dodds sued State Farm and the adjusters alleging that they violated the Insurance Code by failing "to attempt in good faith to effectuate a

–4–

prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear," and failing to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." *Id.* (quoting TEX. INS. CODE ANN. § 541.060(a)(2)(A), (a)(3)). Neither Nicastro nor Dodds sued State Farm for breach of the UIM policies. *Id.*

State Farm moved in each case to abate the plaintiffs' claims and to bifurcate the case to hold a separate trial to determine the liability and underinsured status of the third parties. *Id.* The trial courts denied the motions. *Id.* The parties sought mandamus relief first in this Court (we denied the petitions for writ of mandamus without substantive explanation) and then in the supreme court. *Id.* The supreme court stayed the underlying proceedings and granted State Farm's petitions for writ of mandamus. *Id.*

Typically, plaintiffs in UIM suits bring claims for breach of their insurance policies as well as statutory, extra-contractual claims authorized by the Insurance Code. "The common practice has been to sever and abate the Insurance Code claims while an initial trial is conducted on the breach-of-contract claim to determine whether the underinsured motorist was liable for the accident and, if so, the amount of damages suffered by the insured." *Id.* at *1. If the plaintiff succeeds in the first

phase, then he may proceed to litigate the Insurance Code claims in light of the result of the initial trial. *Id*.

The "wrinkle" the supreme court decided in these petitions is whether bifurcation is required when parties bring only extra-contractual claims. The supreme court concluded bifurcation is required.

The supreme court explained there are two paths an insured may take to establish damages from an insurer's violation of the Insurance Code. The insured must establish either (1) "a right to receive benefits under the policy" or (2) "an injury independent of a right to benefits." *Id.* at *3 (quoting *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018)). Nicastro and Dodds relied on the second path, asserting State Farm caused them injuries independent of their right to benefits because of the violations of the Insurance Code. *Id.* at *4. The supreme court explained that Nicastro and Dodds failed to allege an independent injury:

> [T]he only damages claimed by Nicastro and Dodds are predicated on State Farm's obligation to pay them under their UIM policies. Said otherwise, the insureds' theory of damages is that if State Farm had followed the Insurance Code, it would have paid more in UIM benefits than it did. These are not "damages [that] are truly independent of the [ ] right to receive policy benefits." *Menchaca*, 545 S.W.3d at 499–500. To the contrary, the insureds' entitlement to these damages is entirely predicated on their entitlement to policy benefits. They assert no injuries independent of the denial or underpayment of benefits. Their statutory claims are merely a means to recoup damages in the amount of a reasonable settlement offer under the policies; they are not "truly independent" of Nicastro's and Dodds' rights to receive policy benefits. *See id.* at 499–500. As a result, the insureds cannot recover for State Farm's alleged Insurance Code violations under an "independent-injury" theory.

*Id.* at *5. The supreme court reasoned that when the insured does not allege an independent injury, the appropriate procedure is to hold a bifurcated trial that first determines whether the insurer breached the UIM policy and then, if the insurer breached the policy, determine whether there was a violation of the Insurance Code. *Id.* at *6–7.

The supreme court concluded the trial courts abused their discretion by denying State Farm's' motions for bifurcated trials and determined State Farm did not have an adequate appellate remedy for the trial courts' failure to grant the motions. *Id.* at *7–8 ("When a bifurcated trial is denied in these circumstances, the insurer lacks an adequate appellate remedy for the 'time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'") (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). The supreme court granted the petitions for writ of mandamus and directed the trial courts to bifurcate the trials of the Insurance Code claims. *Id.* at *8.

**Application of *In re State Farm***

The procedural and substantive facts of this case are nearly identical to those in the *In re State Farm* cases; therefore, we are bound by the supreme court's decision. Here, as in *In re State Farm*, Dimanche asserted various violations of the Insurance Code, but did not assert a breach-of-contract claim. Nevertheless, his claim for damages is predicated on State Farm's obligation to pay him under his UIM policy. These are not damages "truly independent of the right to receive policy

–7–

benefits." *Id.* at \*5. Such statutory claims are "merely a means to recoup damages in the amount of a reasonable settlement offer under the polic[y]." *Id.*

Applying *In re State Farm*, we must conclude Dimanche has not alleged an injury independent of a right to policy benefits. *Id.* at \*3. Therefore, the trial court was required to bifurcate the proceeding and first determine whether Dimanche was entitled to UIM policy benefits before determining whether he can recover those amounts as damages for violations of the Insurance Code. *See id.* at \*1, 6–7. The trial court abused its discretion by denying Relators' motion for separate trials and abatement, and Relators' lacks an adequate remedy by appeal. *See id.* at \*7–8.

## Conclusion

We conditionally grant relators' petition for writ of mandamus. We order the trial court to vacate its August 20, 2020 order denying relators' motion for separate trials and abatement and direct the trial court to bifurcate the trials of the Insurance Code claims. We are confident the trial court will comply, and the writ will issue only if the trial court fails to do so.

/Craig Smith/
_____
CRAIG SMITH
JUSTICE

200815F.P05

–8–